UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MACMASTER,

            Plaintiff,

v.

DAVID BUSACCA, et al.,

            Defendants.

Case No. 2:21-cv-11052

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [63]**

Defendant Lauren Schipani moved to dismiss the claims in the amended complaint based on absolute immunity and qualified immunity. ECF 63. Plaintiff Sean MacMaster opposed the motion. ECF 64.[1] For the following reasons, the Court will grant the motion to dismiss.

**BACKGROUND[2]**

In the interest of judicial economy, the Court will adopt the background section of the earlier omnibus opinion and order. ECF 51, PgID 751–56. The Court will also recite the following additional alleged facts:

Plaintiff was arrested in May 2019. ECF 53, PgID 811. Schipani's involvement in the case began in July 2019 when she started interacting with Plaintiff's daughter.

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).
[2] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

1

*Id.* at 803. During Schipani's time on the case as an investigator with the Attorney General's office, she and Defendant Brian Kolodziej, the prosecutor on the case, had an inappropriate relationship. *Id.* at 803, 818. As part of her work on the case, "Schipani was asked to change a report she made during a discussion with an expert witness." *Id.* at 799; *see also id.* at 821 (explaining that Schipani asked questions to witnesses). Schipani was also "aware that Kolodziej had met with witnesses in [Plaintiff's criminal] case on his own." *Id.* at 799.

Schipani later testified at a bond hearing for Plaintiff about allegations that Defendant Johanna MacMaster brought against Plaintiff. *Id.* at 816–17. But before she testified, she "did not verify any of the allegations made by [Defendant] Johanna [MacMaster]." *Id.* at 817. And her testimony about her qualifications at the hearing was later found to be untruthful. *Id.* at 816–18.

In the end, Schipani allegedly suppressed favorable evidence that led to Plaintiff being denied a reasonable bond. *Id.* at 817. And Schipani was removed from the case and placed on administrative leave. *Id.* at 818. Plaintiff later sued Schipani for malicious prosecution and civil conspiracy to prosecute without probable cause, both in violation of his Fourth Amendment rights. *Id.* at 823–25.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

The Court need not address Schipani's absolute immunity defense to the allegations involving her testimony at a bond hearing. Schipani asserted her qualified immunity defense against the malicious prosecution and the civil conspiracy to commit malicious prosecution claims. ECF 63, PgID 1314–21. "Entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point." *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015) (cleaned up). Because the interest in resolving qualified immunity at the earliest possible point is greater than absolute immunity, the Court will resolve the motion by granting qualified immunity to Schipani. *See Moldowan v. City of Warren*, 578 F.3d 351, 371 (6th Cir. 2009) (explaining the different policy interests between absolute and qualified immunity defenses).

To establish a § 1983 claim, Plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived [him] of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citation omitted). The Sixth

3

Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, *with particularity*, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis added and removed) (citation omitted). Beyond that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to plead a claim. *Iqbal*, 556 U.S. at 678 (citation omitted). When a party moves to dismiss a complaint based on qualified immunity, the analysis tracks how a Court would resolve a Rule 12(b)(6) motion to dismiss. *Crawford v. Tilley*, 15 F.4th 752, 764 (6th Cir. 2021).

"Qualified immunity is an affirmative defense" to a § 1983 claim. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citation omitted). It "'shield[s]' public officials from money-damages liability if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Once a defendant asserts a qualified immunity defense, "Plaintiff bears the burden of showing that [a] defendant[] [is] not entitled to qualified immunity." *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018) (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). Under qualified immunity, the Court must engage in a two-prong analysis and may ultimately decide which prong to analyze first. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

First, the Court must "view[] the facts in the light most favorable to [] [Plaintiff]" and "determine whether the officer committed a constitutional violation." *Barton v. Martin*, 949 F.3d 938, 947 (6th Cir. 2020) (citing *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002)). For the second prong, "if there is a constitutional violation, the [C]ourt must determine whether that constitutional right was clearly established at the time of the incident." *Id.* (citation omitted). The Court will grant qualified immunity to Schipani on the first prong.

"The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (cleaned up). "To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment," Plaintiff must prove four elements. *Sykes*, 625 F.3d at 308–09 (6th Cir. 2010). Because Schipani argued that Plaintiff failed to plausibly plead only the first element, ECF 63, PgID 1314–18, the Court will address only that element.

The first element requires Plaintiff to show that Schipani "participated in or influenced the decision to criminally prosecute him." *Novak v. City of Parma*, ---F.4th---, 2022 WL 1278981, at *5 (6th Cir. 2022) (citing *Sykes*, 625 F.3d at 308). Because the Sixth Circuit "construe[s] participation in light of traditional 'tort causation principles,' [Schipani] must have done more than passively cooperate." *Id.* (citing *Sykes*, 625 F.3d at 308 n.5). In other words, Schipani must have "aided in the decision to prosecute." *Id.* (citing *Sykes*, 625 F.3d at 308 n.5).

5

"A prosecutor's independent charging decision typically breaks the causal chain for malicious-prosecution purposes." *Id.* (citing *Sykes*, 625 F.3d at 316). But officers can be held liable if they "influenced or participated in the prosecutor's decision to *continue* the prosecution after [they] had knowledge of facts that would have led any reasonable officer to conclude that probable cause had ceased to exist." *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (internal quotation marks omitted). For example, officers can "participate[]" in a continued prosecution if they "deliberately or recklessly gave false testimony at trial." *Novak*, ---F.4th---, 2022 WL 1278981, at *5 (citing *Moseley*, 790 F.3d at 655). Officers also must "refrain from engaging in acts which continue[] a person's detention without probable cause." *Gregory v. City of Louisville*, 444 F.3d 725, 749 (6th Cir. 2006); *see also Jones v. Clark Cnty.*, 959 F.3d 748, 768 (6th Cir. 2020) (holding that if a jury believed an officer withheld exculpatory information to prosecutors, then that would have violated the plaintiff's right against continued detention without probable cause), *abrogated on other grounds*, *Thompson v. Clark*, 142 S. Ct. 1332, 1340–41 (2022).

Plaintiff first argued that the allegations in the amended complaint about Defendant Kolodziej's misbehavior in a different prosecution create "a reasonable inference that Schipani participated in the misbehavior with Kolodziej." ECF 64, PgID 1336–38; *see also* ECF 53, PgID 796–98. But "factual allegations must do more than create speculation or suspicion." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 553–54). And the allegations about Kolodziej's misbehavior in a different case—that Schipani did not work on—have no

6

relevance to Schipani's alleged misbehavior. Rather, the allegations simply attempt to create a plausible claim of malicious prosecution based solely on guilt-by-association. The Court will therefore examine the allegations that pertain specifically to Schipani.

The amended complaint alleged that Schipani's involvement in the case began in July 2019 when she started interacting with Plaintiff's daughter. ECF 53, PgID 803. Her involvement, in other words, began *after* criminal proceedings began against Plaintiff. *Id.* at 806 ("On May 2, 2019, a warrant authorized by Hagaman-Clark charged [Plaintiff] with Criminal Sexual Conduct in the First Degree."), 807 ("On May 7, 2019, Busacca swore to a warrant before the Honorable Marie Soma."), 814 (listing May 7, 2019 as Plaintiff's arrest date), 815 (listing June 8, 2019 as Plaintiff's extradition date). In brief, the allegations show that Schipani had nothing to do with the decision to bring criminal charges against Plaintiff.

Still, Plaintiff alleged that "Schipani was asked to change a report" about her questioning of an expert witness and "was aware that Kolodziej had met with witnesses in [Plaintiff's criminal] case on his own." *Id.* at 799. But the allegations—stated in a passive voice in the amended complaint—neither explain who asked Schipani to change the report nor if she ultimately changed the report about an expert witness. *See id.* And merely knowing that a prosecutor has privately met with witnesses does not urge an inference of wrongdoing on Schipani's part. Besides, her questioning of an expert witness, *id.* at 799, 821, would have no bearing on a probable cause determination because expert witnesses do not create facts that could support

7

probable cause. *See Smith v. City of Wyoming*, 821 F.3d 697, 715 (6th Cir. 2016) ("Probable cause exists where the *facts* and *circumstances* within the officer's knowledge are sufficient to warrant a prudent person in believing that the suspect committed, is committing, or is about to commit an offense.") (cleaned up).

Plaintiff also claimed that Schipani suppressed favorable evidence that led to him being denied a reasonable bond. ECF 53, PgID 817. But Plaintiff never explained what favorable evidence she suppressed; the complaint merely lumped Schipani's conduct in as part of the same misconduct that Defendants Kolodziej and Busacca are alleged to have committed. *See id.* After all, the amended complaint detailed that Schipani was not involved in evidence gathering like Kolodziej and Busacca; she only spent time with Plaintiff's daughter and testified about Defendant Johanna MacMaster's allegations at a bond hearing. *Compare id.* at 786–89, 793–95 (detailing Kolodziej and Busacca's evidence gathering), *with id.* at 803, 816–17 (explaining that Schipani spent time with Plaintiff's daughter and Defendant MacMaster and explaining Schipani's testimony). It follows that the allegation about Schipani suppressing evidence is conclusory and speculative. For that reason, the Court need not presume its truth. *See Iqbal*, 556 U.S. at 678.

As for Schipani's testimony at the bond hearing for Plaintiff, the only untruthful testimony pertained to her own qualifications—not about whether probable cause existed against Plaintiff. ECF 53, PgID 816–17. As the Sixth Circuit has held, an officer can be liable only if the officer "influenced or participated in the prosecutor's decision to continue the prosecution *after* [they] had knowledge of facts

8

that would have led any reasonable officer to conclude that probable cause had ceased to exist." *Moseley*, 790 F.3d at 654 (internal quotation marks omitted). Schipani's qualifications have no bearing on whether she knew that probable cause ceased to exist against Plaintiff.

Consider too that although Schipani allegedly "did not verify any of the allegations made by Johanna before testifying at the bond hearing," ECF 53, PgID 817, her failure to do so would not have "influenced or participated in the decision to continue the prosecution." *Moseley*, 790 F.3d at 654 (internal quotation marks omitted). It would not affect a probable cause finding. If, however, Schipani had *lied* about verifying Defendant Johanna MacMaster's allegations, that conduct would have plausibly influenced the decision to prosecute. But the amended complaint did not suggest that Schipani lied.

Last, simply having an inappropriate relationship with Kolodziej—while greatly troubling—is not enough to influence or participate in the decision to prosecute Plaintiff. ECF 53, PgID 818. Although the alleged relationship was clearly inappropriate, *id.*, the relationship's effect on whether Schipani influenced the decision to prosecute is speculative at best. And the case that Plaintiff leaned on to suggest otherwise actually stymies his argument. ECF 64, PgID 1338 (citing *Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)). As the Sixth Circuit said in that opinion, there is no question that a detective who engaged in—and later covered up—sexual relationships with female crime victims acted in plain "impropriety." *Bickerstaff*, 830 F.3d at 398. But like the impropriety there, Plaintiff here has "fail[ed]

9

to specify how the existence of [the] alleged relationships, improper as they might be, had any bearing on her indictment." *Id.* The allegation about the Schipani's improper relationship with Kolodziej is therefore not enough to create a plausible claim of malicious prosecution against her.

In all, the Court will grant Schipani qualified immunity on the malicious prosecution and the civil conspiracy to prosecute without probable cause claims because Plaintiff has not plausibly shown that Schipani violated his Fourth Amendment rights. *See* ECF 53, PgID 823–25.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [63] is **GRANTED**. The claims against Defendant Schipani are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 18, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager