UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MACMASTER,

    Plaintiff,

v.

DAVID BUSACCA, et al.,

    Defendants.

                        /

Case No. 2:21-cv-11052

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [102]**

Plaintiff Sean MacMaster sued Defendants David Busacca, Brian Kolodziej, Detective Michael Gerald, and Johanna MacMaster and alleged in his complaint multiple constitutional violations. ECF 1; ECF 53.[1] Defendant Gerald moved for summary judgment. ECF 102. For the reasons below, the Court will grant the motion.[2]

**BACKGROUND**

The Court will incorporate by reference the background section in its previous Order, ECF 118, PgID 4893–4901, and add the following:

Defendant Gerald was a detective for the Center Line Police Department when Defendant Kolodziej asked him to help investigate Johanna MacMaster's allegations

---

[1] The initial complaint also listed Lauren Schipani and Laura Moody as defendants. *See* ECF 1. The Court dismissed both of those defendants. *See* ECF 68; ECF 84.

[2] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

against Plaintiff. ECF 112-7, PgID 4513; ECF 112-1, PgID 4445 (Kolodziej testifying he "brought the complaint to Gerald's attention"). Gerald met Johanna MacMaster at the Center Line Department of Public Safety on April 25, 2018 to learn more about the case. ECF 102-5, PgID 1805. Johanna MacMaster "arrived with voluminous amounts of information, which she turned over to [Gerald]." *Id.* Gerald informed her during the meeting that "the case would likely need to be referred to a different agency" because the alleged conduct occurred in Oakland County. *Id.*

Gerald then began investigating the case. He organized the facts and compiled documents relevant to the investigation. ECF 112-10, PgID 4533. He did not, however, create any reports or recommendations for the investigation. In an interview with the Michigan Department of Attorney General, "Gerald advised he never completed a report or documented anything in regard to the material [Johanna MacMaster] provided to him." ECF 107-9, PgID 2406. And the Michigan Department of State Police noted that "Gerald did not generate any new material; he simply collected, compiled, and organized voluminous documents and materials from the original complaint." ECF 107-2, PgID 2216.

In November 2018, Gerald determined that the allegations "would best be turned over to the Michigan State Police for further investigation." ECF 102-5, PgID 1805. Accordingly, Gerald met with Defendant Busacca, a Michigan State Police (MSP) trooper, who Kolodziej also recruited to work on the case, and handed the evidence he had complied over to Defendant Busacca. ECF 102-6, PgID 1811; ECF 112-13, PgID 4547.

2

From then on, Busacca handled the case without any involvement from Gerald. Defendant Gerald "had nothing to do with obtaining the search warrant," ECF 102-8, PgID 1822, and had "no role in any decision-making" about whether "there would be a prosecution of [] [Plaintiff]," ECF 102-4, PgID 1799. *See also* ECF 102-2, PgID 1766 (Kolodziej testifying that once the case was "handed from Gerald to Busacca, Gerald had no further involvement in the case"); ECF 102-8, PgID 1830 (testifying that Gerald "had no role in the decision to prosecute [] [Plaintiff]"); *see also id.* at 1829 (noting the decision to pursue the arrest warrant "was not based on any statement or pressure by [] Gerald").

Plaintiff sued Defendants under 42 U.S.C. § 1983 and alleged multiple Fourth Amendment and State-law violations. ECF 1; ECF 53. Two of the counts in the complaint concerned Defendant Gerald. In Count III, Plaintiff alleged that Gerald, along with Kolodziej, Busacca, and Johanna MacMaster violated his Fourth Amendment protection against malicious prosecution. ECF 53, PgID 823. And in Count IV, Plaintiff alleged that the same Defendants engaged in a civil conspiracy to "prosecute Plaintiff for alleged crimes for which Defendants knew or had reason to know were without probable cause." *Id.* at 824–25. Gerald moved for summary judgment and argued *inter alia* that he was entitled to qualified immunity. ECF 102. For the reasons below, the Court will grant the motion.

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

The Court will first address whether Defendant Gerald is entitled to summary judgment on Plaintiff's claim for malicious prosecution. The Court will then address whether Defendant Gerald is entitled to summary judgment on Plaintiff's claim for civil conspiracy.

4

I.  Malicious Prosecution

Plaintiff alleged that Defendant Gerald violated his Fourth Amendment rights by "intentionally and maliciously institut[ing] criminal charges for Plaintiff without probable cause." ECF 53, PgID 823. Malicious prosecution under the Fourth Amendment "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006). Malicious prosecution claims concern "the initiation or maintenance of a prosecution." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *see also Thompson v. Clark*, 596 U.S. 36, 43 (2022) ("[T]he gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause."). To succeed on a § 1983 malicious prosecution claim, a plaintiff must prove: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure"; and (4) that "the criminal proceeding was resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (alterations omitted).

Plaintiff's claim fails on the first element because no reasonable juror could conclude that Gerald made, influenced, or participated in the decision to prosecute Plaintiff. Gerald's role was limited to organizing and compiling facts. He did not testify or produce any documents in the investigation. *See* ECF 107-2, PgID 2216 ("Gerald did not generate any new material; he simply collected, compiled, and

5

organized voluminous documents and materials from the original complaint."). Indeed, once he determined the case needed further investigation in another jurisdiction, Gerald handed the materials over to Busacca. Notably, Gerald did not hand the materials over to Kolodziej, the prosecutor. He handed them over to Busacca, an MSP trooper who was functioning as another investigator in the matter. That distinction is important, since "an officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's truthful materials." *Sykes*, 625 F.3d at 313–14. If turning materials directly over to the prosecutor cannot create liability for malicious prosecution, turning truthful materials over to another investigator surely cannot do so either. Last, Gerald testified that he had no further influence or involvement after he handed the evidence over. ECF 102-4, PgID 1796 ("I was giving it to him. From what happens there it's not my concern or my business."). In short, the evidence does not show that Gerald made, influenced, or participated in the decision to prosecute Plaintiff.

Indeed, the decision to prosecute Plaintiff came after Gerald's investigation. As noted, both the search warrant and the arrest warrant were planned and executed after Gerald's involvement and without any input from Gerald. ECF 102-8, PgID 1822 (Busacca testifying that Gerald "had nothing to do with obtaining the search warrant"); ECF 102-4, PgID 1799 (Gerald agreeing that he had "no role in any decision-making regarding whether or not a search warrant was warranted" or whether "there would be a prosecution of [] [Plaintiff]"); ECF 102-2, PgID 1766

6

(Kolodziej testifying that Gerald had no "further involvement" in the case after he handed the materials over and no input about whether there was probable cause to seek a search warrant against Plaintiff); ECF 102-8, PgID 1829 (Busacca confirming that his decision to pursue the arrest warrant "was not based on any statement or pressure by [] Gerald"). In fact, both warrants were sought by the MSP, an entity entirely separate in both jurisdiction and responsibility from Gerald's role as a Center Line detective. Malicious prosecution claims concern "the *initiation* or maintenance of a prosecution." *Rehberg*, 566 U.S. at 369 (emphasis added). But the evidence demonstrates that Gerald played no part in seeking either warrant or pursuing the prosecution against Plaintiff.

Plaintiff argued that Gerald "encourage[ed]" Busacca to get a search warrant without probable cause. ECF 103, PgID 1961. But he cited no facts to support that argument. *Id.* Indeed, Plaintiff provided no facts showing that Gerald did anything other than compile and organize information.

Plaintiff also claimed that Gerald "advocated for charges to be issued by the Attorney General" and alleged that Defendant Gerald omitted facts when handing over the materials thereby influencing the decision to prosecute. *Id.* at 1964. In support, Plaintiff cited a meeting between Michigan Assistant Attorney General Kelly Carter, Kolodziej, and Gerald in which Kolodziej asked Carter to initiate charges against Plaintiff. *See, e.g.*, ECF 107-9, PgID 2450. But that meeting occurred in May 2018, before Gerald handed the materials over to Bussacca. And Carter declined to prosecute the case. *Id.* The meeting therefore does not support a claim

7

that Gerald played a role in the initiation of the prosecution of Plaintiff. What is more, the evidence does not even support that Gerald advocated for prosecution at this meeting. In fact, Gerald testified that the meeting involved talking about "what Johanna [MacMaster] had turned over." ECF 103-1, PgID 1995. And Carter subsequently characterized the meeting as Kolodziej requesting "on his own" that the Attorney General pursue charges against Plaintiff. ECF 103-10, PgID 2056. In sum, none of the evidence Plaintiff cited—or any other evidence, for that matter—supports Plaintiff's claim that Gerald "advocated" for the Attorney General's office to prosecute Plaintiff.

Plaintiff also argued that Gerald, when handing the materials over to Busacca, omitted facts that influenced the decision to prosecute. *Id.* at 1964. Again, however, Plaintiff cited no facts to support that claim. *Id.* And Gerald clearly stated that he was handing the materials over to Busacca for "further investigation," not for the initiation of a prosecution or the seeking of a warrant. ECF 102-5, PgID 1805. What is more—as explained in detail in the Court's prior Order Granting in Part and Denying in Part Kolodziej's Motion For Summary Judgment—the evidence that Defendants Busacca and Kolodziej cited in the search warrant affidavit was collected in interviews Busacca performed *after* he received the materials from Gerald. *See* ECF 118, PgID 4896–99; *see also* ECF 102-8, PgID 1822 (Busacca explaining that his decision to pursue search warrant was based on his interviews of the Ortegas and others). Thus, the question of whether Gerald omitted facts is ultimately irrelevant

8

to the decision to prosecute because that decision was largely based on facts obtained after Gerald's involvement in the case ended.

In sum, Plaintiff provided no evidence that Defendant Gerald made, influenced, or participated in the decision to prosecute Plaintiff. Plaintiff therefore cannot maintain his claim of malicious prosecution against Gerald. The Court will accordingly grant the motion for summary judgment as to the malicious prosecution claim. Because the malicious prosecution claim fails on the merits, the Court need not address whether Defendant Gerald is entitled to qualified immunity. *See* ECF 102, PgID 1720.

II.  <u>Civil Conspiracy</u>

Plaintiff also alleged that Defendant Gerald engaged in a civil conspiracy to "prosecute Plaintiff for alleged crimes for which Defendants knew or had reason to know were without probable cause." ECF 53, PgID 825. A § 1983 civil conspiracy claim, however, "exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) (citations omitted). Because Defendant Gerald is entitled to summary judgment on Plaintiff's fourth amendment claim for malicious prosecution, *supra*, Plaintiff failed to establish "a separate and actionable constitutional injury." *Id.*

Plaintiff therefore cannot maintain the civil conspiracy claim against Defendant Gerald and the Court will grant the motion for summary judgment as to that claim.

III.   Request to Defer

At the close of his response to the motion for summary judgment, Plaintiff requested that the Court defer consideration of the motion under Federal Rule of Civil Procedure 56(d) because "there are currently discovery issues pending consideration in the Western District of Michigan." ECF 103, PgID 1977. Rule 56(d) provides that the Court may "defer considering [a] motion" if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). According to Plaintiff, the documents at issue in the Western District concern Defendant Gerald and "may impact a potential decision of this Court." *Id.* at 1978.

Plaintiff's counsel attached an affidavit in which she clarified that the relevant case is *MacMaster v. Michigan State Police*, Case No. 1:23-mc-106 and that the documents are titled "Gerald Emails," "Gerald Texts," and "Gerald MacMaster Documents." ECF 103-28, PgID 2176. The documents are the subject of a motion to compel filed by Plaintiff in September 2023. *Id.* In February 2024, however, the court granted in part the motion to compel. *MacMaster v. Michigan State Police*, Case No. 1:23-mc-00106 (W.D. Mich September 28, 2023), ECF 26. The Court will therefore deny the request to defer consideration because it appears to be moot. Since the court

10

in the Western District granted the motion to compel, there are not currently pending discovery issues.

In the alternative, Plaintiff failed to adequately explain or justify the need for a stay under Rule 56(d). The affidavit submitted by Plaintiff's counsel failed to provide "specified reasons" showing that Plaintiff "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Indeed, Plaintiff's counsel merely suggested that the documents "*may* impact a *potential* decision of this Court." ECF 103, PgID 1978. That explanation, aside from being highly unspecific, does not claim that Plaintiff is unable to present essential facts and falls well short of the Rule 56(d) standard. Moreover, the case is already three years old, and the parties have exchanged and reviewed thousands of pages of discovery. And the Court is unclear why, if Plaintiff wanted to obtain the above-listed documents, he could not have done so during the nearly two years of discovery in instant case. For the reasons above, the Court will deny Plaintiff's request to defer consideration.

### ORDER

Plaintiff failed to provide evidence to support his claim of malicious prosecution against Defendant Gerald, and Plaintiff cannot sustain his claim for civil conspiracy against without a separate actionable injury. The Court will therefore grant summary judgment to Defendant Gerald.

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary

judgment [102] is **GRANTED**.

      **SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 19, 2024