UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MACMASTER,

              Plaintiff,

v.

DAVID BUSACCA and BRIAN
KOLODZIEJ,

              Defendants.

_____/

Case No. 2:21-cv-11052

HONORABLE STEPHEN J. MURPHY, III

## JOINT FINAL PRETRIAL ORDER

Plaintiff, Sean MacMaster, and Defendants, David Busacca and Brian Kolodziej, through their counsel, submit the following Final Pretrial Order pursuant to the Court's scheduling order and E.D. Mich. LR 16.2.

1. **Jurisdiction**

This action arises pursuant to §1983 and this Court's jurisdiction is invoked pursuant to 42 USC §1983, 28 USC §1334, and 28 USC §1331. No party contests this Court's jurisdiction.

2. **Plaintiff's Claims**

This civil rights action arises from the wrongful arrest, prosecution, and incarceration of Plaintiff Sean MacMaster, a former police officer, based on material omissions and falsehoods by Defendants David Busacca, a Michigan State Police Trooper, and Brian Kolodziej, a now-disbarred former Assistant Attorney General for

the State of Michigan. Plaintiff brings claims under 42 U.S.C. § 1983 and related to the Fourth Amendment.

The underlying facts stem from a contentious custody dispute between Plaintiff and his ex-wife, Johanna MacMaster. Despite multiple investigations by the Oakland County Sheriff's Department, Child Protective Services, and federal authorities concluding there was no credible basis for Johanna's repeated false allegations of sexual abuse against Plaintiff, these discredited claims were revived years later by Defendants Kolodziej and Busacca.

Kolodziej, while serving as an Assistant Attorney General assigned to handle complex sexual assault prosecutions under a federal grant, is alleged to have acted outside the scope of his role, assuming investigatory duties and pursuing Sean for his own personal gain. Notably, Kolodziej had a prior romantic relationship with Johanna's cousin, Victoria Schulte, who worked in the Macomb County Prosecutor's Office. This connection, Plaintiff contends, created a conflict of interest and influenced Kolodziej's decision to pursue charges that had previously been rejected by multiple prosecuting authorities.

In concert with Trooper Busacca, Kolodziej initiated a renewed investigation based on previously dismissed allegations. The Defendants misrepresented and withheld critical exculpatory information in obtaining search warrants and arrest warrants. Plaintiff's home was searched and he was arrested in a degrading and traumatic manner and subsequently incarcerated in solitary confinement for 151

days pending trial. As a result of the Defendants' actions, Plaintiff lost his career in law enforcement, his reputation, and his relationship with his daughter.

Following the public revelation that Kolodziej had engaged in an unethical sexual relationship with a complainant in an unrelated sexual assault case, a review was conducted of all of Kolodziej's cases. Following that review, all charges against Plaintiff were dismissed. The Michigan Attorney General's Office acknowledged Kolodziej's misconduct and took corrective action, including plea withdrawal, in other cases.

Throughout this process, Plaintiff was deprived of his liberty, reputation, employment, and family life. He endured egregious conditions of confinement and the looming threat of a decades-long prison sentence. Busacca and Kolodziej acted with deliberate indifference to his constitutional rights, engaging in conduct that amounted to malicious prosecution, prosecution without probable cause, and civil conspiracy.

This lawsuit seeks to hold Defendants Busacca and Kolodziej individually liable for their actions under color of law, which violated clearly established constitutional protections. The conduct at issue was not the product of negligent investigation or good-faith error—it was the result of a coordinated, intentional misuse of state power to destroy the life of an innocent man.

### 3.  Defendant Busacca's Defenses

Michigan State Police Trooper David Busacca denies the allegations made by Plaintiff.  Tpr. Busacca received  a request to investigate an allegation that Sean

MacMaster had sexually assaulted his minor daughter.  Tpr. Busacca confirmed the assignment with his supervisors, who approved of the investigation. Tpr. Busacca worked closely with the Attorney General's office throughout his investigation.  Tpr. Busacca independently concluded and reasonably believed that probable cause existed to establish that the young victim had been sexually assaulted by her father. With the assistance of Assistant Attorney General Brian Kolodziej, Tpr. Busacca prepared a request for a search warrant of the residence where the victim stated the sexual assaults took place. Contrary to Plaintiff's allegations, Tpr. Busacca did not conspire with Kolodziej or "act in concert".  Rather, Busacca worked in a professional and reasonable manner with Kolodziej in an effort to thoroughly investigate the case. Tpr. Busacca did not submit the request for a search warrant until after another Assistant Attorney General Hagerman-Clark had personally interviewed the victim and deemed her to be credible in her allegations against her father.  Tpr. Busacca presented facts supporting probable cause to a magistrate and made no deliberate falsehoods, did not show a reckless disregard for the truth, and did not omit material information in seeking the search warrant. Execution of the search warrant took place and corroborated the statements of the victim.  Probable cause existed to reasonably believe that MacMaster had sexually assaulted his daughter.  An arrest warrant was subsequently obtained and Plaintiff was arrested and lodged.  The charges were ultimately dismissed due to decisions made by the Attorney General's office based on the conduct of Assistant Attorney General Kolodziej. However, the decision to dismiss the charges against Plaintiff in no way related to the conduct of

Tpr. Busacca  In this instance, Tpr. Busacca acted reasonably.  He did not violate clearly established law.  He did not make material false misrepresentations in the warrant applications and did not fail to disclose material exculpatory evidence.  He is entitled to qualified immunity as his actions were objectively reasonable based on the totality of the circumstances.

### 4. Defendant Kolodziej's Claims

Brian Kolodziej denies the allegations made by Plaintiff. Mr. Kolodziej's supervisors approved his request to have Michigan State Police Trooper David Busaca investigate the allegation that Sean MacMaster had sexually assaulted his minor daughter. With Mr. Kolodziej's assistance, Assistant Attorney General Hagerman-Clark was assigned to lead the case. Tpr. Busacca independently concluded and reasonably believed that probable cause existed to establish that the young victim had been sexually assaulted by her father. Under the direction of Ms. Hagerman-Clark, Mr. Kolodziej worked with Tpr. Busacca to prepare a search warrant of the residence where the victim stated that the sexual assaults took place.

Contrary to Plaintiff's allegations, Mr. Kolodziej did not conspire with Tpr. Busacca or "act in concert." Rather, Mr. Kolodziej, Ms. Hagerman-Clark, and Tpr. Busacca worked in a professional and reasonable manner. Tpr. Busacca did not submit the request for a search warrant until after Ms. Hagerman-Clark had personally interviewed the victim and deemed her to be credible in her allegations against her father. Tpr. Busacca presented facts supporting probable cause to a magistrate and made no deliberate falsehoods, did not show a reckless disregard for

the truth, and did not omit material information in seeking the search warrant. The search warrant was executed, and evidence was recovered which corroborated the statements of the victim. Probable cause existed to reasonably believe that MacMaster had sexually assaulted his daughter.

An arrest warrant was then obtained, and Plaintiff was arrested and lodged within the normal course of procedure. Mr. Kolodziej was later assigned, by his supervisor Assistant Attorney General Laura Moody, to lead the case instead of Hagerman-Clark. The charges in this matter were later dismissed under the direction of the Attorney General, however Mr. Kolodziej had acted reasonably during his involvement with the case. He did not violate clearly established law. He did not make or participate in material false misrepresentations in the warrant applications and did not fail to disclose material exculpatory evidence. He is entitled to complete immunity in his actions were objectively reasonable based on the totality of the circumstances.

## 5. Stipulation of Facts

A. Busacca was the investigating officer. He swore to both the search and arrest warrants at issue in this case.

B. That the search warrant affidavit Busacca swore to was substantially the same as the search warrant affidavit Kolodziej drafted.

C. As a result of his prosecution, Sean MacMaster suffered a deprivation of liberty apart from the initial seizure.

Case 2:21-cv-11052-SJM-DRG   ECF No. 198, PageID.6107   Filed 07/14/25   Page 7 of 26

D. That Mr. MacMaster's detention continued for 151 days following his arrest.

E. That Plaintiff's Exhibit 2 is a true and accurate copy of the order of dismissal in the matter of *People v. Sean MacMaster,* 52-3 District Court, File No. 19-2947-FY.

F. At all relevant times, each defendant acted under color of law.

## 6. Issues of Fact to be Litigated

A. Whether Busacca stated a deliberate falsehood, showed a reckless disregard for the truth, or with deliberate indifference omitted material information in seeking the warrants with the intention of misleading the issuing magistrate to find that probable cause existed.

B. If there were material omissions or intentional falsehoods, whether they were necessary to the finding of probable cause.

C. Whether probable cause existed for the issuance of the search warrant for the Orr residence.

D. Whether probable cause existed for the arrest and continued prosecution of Plaintiff.

E. Kolodziej raises whether he acted within the scope and course of his prosecutorial functions, however, Plaintiff asserts that this pertains only to the legal issue of prosecutorial immunity which is not properly before the jury.

F. The amount of damages suffered by Plaintiff, if any.

G. Whether Defendant Busacca's actions were the proximate cause of Plaintiff's claimed loss of relationship with AM.

## 7.  Issues of Law to be Litigated

1. Whether defendants may reference a non-party's criminal history. *See* ECF Nos. 156, 163, and 164.

2. Whether Defendant Busacca is entitled to present a defense of qualified immunity where Plaintiff asserts that he did not properly assert it in compliance with Fed. R. Civ. P. 8(c).

3. Whether Defendant Busacca is entitled to qualified immunity.

4. Whether Defendant Kolodziej is entitled to qualified immunity or prosecutorial immunity. Plaintiff disagrees that the issue of prosecutorial immunity is one for the jury.

## 8.  Evidence Problems Likely to Arise at Trial

- Plaintiff has filed two motions in *limine* to address potential evidentiary problems.

- Whether defendants can call witnesses who were not previously disclosed pursuant to the Court's scheduling order. Specifically, Defendant Busacca has stated an intention to call the minor child, A.M., who was never disclosed by name on any witness list. Defendant Busacca relies on dismissed party, Michael Gerald's list which stated "all family members of Plaintiff".

- Before seeking to prosecute Plaintiff, Defendants were aware of three passed polygraph examinations submitted to by Plaintiff which indicated he did not sexually assault his child. These were omitted by Defendants when seeking arrest and search warrants. It is Plaintiff's position that since the rules of evidence do not apply during a warrant application, there is no evidentiary bar to presenting to the jury that defendants were aware of and concealed Plaintiff's passed polygraph examinations when they applied for the warrant.

- Defendant Busacca will be filing several motions in limine to address what he views as potential evidentiary problems including:

  - A motion in limine to exclude the "McDonald's Recording" which he claims was illegally obtained by Plaintiff;

  - A motion in limine to exclude testimony and affidavit of District Court Judge Kostin.

  - A motion in limine to preclude/exclude reference to/evidence of any internal affairs investigations and/or criminal investigations related to Def. Busacca.

  - A motion in limine to preclude/exclude testimony or evidence related to polygraphs taken by Plaintiff and Orr and the results

  - A motion in limine regarding prior/other lawsuits by Busacca

- Defendant Kolodziej anticipates he will concur in several of the above-referenced motions in limine identified by Def. Busacca.  He also

anticipates filing several motions in limine to address potential evidentiary problems including:

- A motion in limine to preclude reference to/evidence of any internal affairs investigation of Brian Kolodziej and/or criminal investigations

- A motion in limine to preclude introduction of any evidence related to Kolodziej's involvement in the CMU case and his resignation;

- A motion in limine to preclude introduction of any evidence of his misdemeanor conviction and his removal from the State Bar.

## 9. Plaintiff's Witnesses

1. Sean MacMaster (w)
2. Kathy Barbour (w)
3. Michael McCabe (w)
4. Dr. Marcus DeGraw (w)
5. David Busacca (w)
6. Brian Kolodziej (w)
7. Michael Gerald (m)
8. Lauren Schipani (m)
9. Andrea Sutton (m)
10. Victoria Schulte (w)
11. Shane Freiberg (w)
12. Robert Weimer (w)
13. Patrick McLain (w) **expert**
14. Bryan Buchan (w)
15. Joseph Brodeur (w)
16. Ed Price (w)
17. Stacy Parrish (m)
18. Ashley Mottar (m)
19. Jessica Drager (m)

20. Melinda Jackson (m)
21. Morgan Rea Bayer (m)
22. Katherine Jacobs (m) **expert**
23. Hon. Kelly Kostin (m)
24. Paul Walton (m)
25. Terry Healy (m)
26. Brody Boucher (m)
27. Dr. Tracey Stulberg, PhD. (m) **expert**
28. Jordana Wolfson, LMSW (m) **expert**
29. Dr. Hillary Fitzsimmons (m) **expert**

Pursuant to LR 16.2(b)(8), the witnesses designated "(w)" will be called and the witnesses designated "(m)" may be called.

**10. Defendant Busacca's Witnesses**
1. David Busacca (w)
2. Brian Kolodziej (w)
3. Michael Gerald (w)
4. Johanna MacMaster (w)
5. Danielle Hagaman-Clark (w)
6. A.M. (m)
7. Larry Orr (w)
8. Barbara Orr (m)
9. Chief Paul Myszenski (m)
10. Yvonne Cameron (w)
11. Brittany Bartkowiak (w)
12. Dr. Robert Ortega (m)
13. Mary Ortega, MSW, LMSW (w)
14. Kathleen Faller, PhD. (m)
15. Laura Moody (m)
16. Lauren Schipani (w)
17. Ian McGann (m)
18. Andrea Sutton (m)
19. Victoria Schulte (w)
20. Patricia Schulte (m)
21. Shane Freiberg (m)
22. Robert Weimer (w)
23. Bryan Buchan (w)
24. Joseph Brodeur (w)

11

25. Ed Price (w)
26. Capt. Thomas Deasy (m)
29. Brett Beardslee MSP (m)
30. Stacy Parrish (m)
31. Ashley Mottar (m)
32. Jessica Drager (m)
33. Melinda Jackson (m)
34. Morgan Rea Bayer (w)
35. Sean MacMaster (w)
36. AG Dana Nessel (m)
37. Fadwa Hammoud (m)
38. Sgt. Rider (m)
39. John Pallas (m)
40. D/Tpr/Specialist Jonathan Walden (m)

Defendant Busacca reserves the right to call necessary rebuttal witnesses.

## 11. Defendant Kolodziej's Witnesses

Defendant Kolodziej incorporates the witnesses listed by Defendant Busacca. Defendant Kolodziej reserves the right to call necessary rebuttal witnesses.

## 12. Exhibits

### 1. Plaintiff's Exhibits.

| Exhibit Description | Objection? |
|---|---|
| 1. Criminal Complaint - People v. Sean MacMaster, 52-3 District Court, File No. 19-2947-FY. | |
| 2. Nolle prosequi order - People v Sean MacMaster, 52-3 District Court, File No. 19-2947-FY. | |
| 3. MSP Original Incident Report No. 021-0013106-18 (page 1-2) (Unaltered) | **Def DB obj – irrelevant to issue of probable cause;** |

12

| Exhibit Description | Objection? |
|---|---|
| | **Def DB objects to title: Should be "Revised" not "altered"** |
| 4. MSP Original Incident Report No. 021-0013106-18 (pages 1-2) (Altered) | **Def DB obj – irrelevant to issue of probable cause; Def DB objects to title: Should be "Revised" not "altered"** |
| 5. Email from Brian Kolodziej to David Busacca with "Swear-to Fact Summary" document | |
| 6. Transcript of Swear-to Testimony in People v. Sean MacMaster, May 7, 2019 | |
| 7. "Swear-to Fact Summary" document | |
| 8. April 17, 2018 Email from Gerald to Kolodziej | |
| 9. October 11, 2018 Email from David Busacca to Andrea Sutton | |
| 10. November 3, 2018 Email from Michael Gerald to David Busacca. | |
| 11. November 5, 2018 Email from Busacca to Sutton | |
| 12. November 5, 2018 Email from David Busacca to Supervisors | |
| 13. March 11, 2019 Email from Kolodziej to Busacca | |
| 14. Draft Correspondence from David Busacca to Hon. James Nilon. | **Irrelevant, not probative, unduly prejudical** |
| 15. March 12, 2019 Email from David Busacca re: Letter to Nilon | **Irrelevant, not probative, unduly prejudical** |

| Exhibit Description | Objection? |
|---|---|
| 16. Formatted Correspondence from David Busacca to Hon. James Nilon | **Def. DB obj - Irrelevant, not probative, unduly prejudical** |
| 17. March 19, 2019 Email string involving Johanna MacMaster, Brian Kolodziej, and Michael Gerald. | |
| 18. March 21, 2019 Email to David Busacca from W. Hackett. | **Def. reserves objection** |
| 19. May 2, 2019 Email from Kolodziej to Busacca | |
| 20. May 3, 2019 Email from Kolodziej re: Report | |
| 21. May 30, 2019 email from David Busacca to Brian Kolodziej | |
| 22. June 2, 2019 Email from Brian Kolodziej to Brian Kolodziej | **Def. reserves objection** |
| 23. August 20, 2019 Email from Kolodziej to Busacca | |
| 24. November 25, 2019 Email from Busacca to Brodeur re: Return of Evidence | **Def. DB obj - Irrelevant to issue of probable cause** |
| 25. December 6, 2019 Email from Busacca re: Property Release | **Def. DB obj - Irrelevant to issue of probable cause** |
| 26. Search Warrant Affidavit, March 7, 2019 | |
| 27. January 23, 2016 Recording (McDonalds) | **Def DB objects - MIL** |
| 28. Ellerbrake Polygraph Report | **Def DB objects - MIL** |
| 29. OCSD Polygraph Report | **Def DB objects - MIL** |
| 30. Sale Listing for Bedroom Furniture and Payment Receipt | |
| 31. Photographs of Newly Purchased Bedroom Furniture for AM | |

| Exhibit Description | Objection? |
|---|---|
| 32. Affidavit of David Busacca, May 16, 2019 | |
| 33. Daily Report, David Busacca, November 1, 2018 | |
| 34. Daily Report, David Busacca, November 4, 2018 | |
| 35. Governor's Warrant | |
| 36. Prisoner Receipt, Prison Transport Services, for the person of Sean MacMaster | |
| 37. Notice of Interview, October 13, 2020 | **obj reserved** |
| 38. Verified Complaint in *Busacca v. Oakland County*, et al., 20-012180-NI. | **Def objects – unrelated lawsuit – MIL** |
| 39. Consent Judgment, Sean MacMaster v. Johanna MacMaster, 22-48028-LSG, ECF No. 50 (Mich. E.B.) | **Def. objects, irrelevant, not probative, unduly prejudicial** |
| 40. Stipulation for Consent Order of Disbarment, Report of Panel, and Order of Disbarment. | **Def. K objects, irrelevant, not probative, unduly prejudicial** |
| 41. Text Messages from Kolodziej to RW. | **Def. K objects, unrelated to this lawsuit, irrelevant** |
| 42. Text Messages between Kolodziej and JF | **Def. K objects, unrelated to this lawsuit, irrelevant** |
| 43. Text Messages between Kolodziej and M. Gerald | |
| 44. Photograph of Kolodziej with AG badge | |
| 45. Web results at: https://www.michigan.gov/-/media/Project/Websites/AG/releases/2019/September/MacMaster_complaint.pdf?rev=760ceb2beb73451e8aa5d295799eeb95 | **Relevance.** |

| Exhibit Description | Objection? |
| --- | --- |
| 46. Investigative Subpoena Interview of David Busacca - Video Recording | **Def objects – internal affairs – MIL to be filed** |
| 47. Investigative Subpoena Interview of David Busacca - Transcript | **Def objects – internal affairs – MIL to be filed** |
| 48. Search Warrant Photographs | |
| 49. Dissolution of Marriage Settlement Agreement,  In re the Former Marriage of MacMaster v. MacMaster, 01-2012-DR-4780, 8th Judicial Circuit Court, Alachua Co. Fla. | **Def. objects, irrelevant, not probative, unduly prejudicial** |
| 50. January 7, 2019 Partial Mediation Agreement, In re the Former Marriage of MacMaster v. MacMaster, 01-2012-DR-4780, 8th Judicial Circuit Court, Alachua Co. Fla. | **Def. objects, irrelevant, not probative, unduly prejudicial** |
| 51. August 30, 2017 Katherine Jacobs, PhD Psychological Report | **Hearsay** |
| 52. Consent to Terminate Parental Rights, Eighth Judicial Circuit Court | **Def. objects, irrelevant, not probative, unduly prejudicial** |
| 53. February 28, 2017 Order Denying Child Hearsay Statements, 2012-DR-4780, 2016-CA-1774, 8th Judicial Circuit Court, Alachua Co. Fla. | **Def. objects, irrelevant, not probative, unduly prejudicial** |
| 54. Handwritten notes of Brian Kolodziej at termination. | |

Defendant Busacca's Exhibits

16

| Exhibit Description | Objection? |
| --- | --- |
| A.  Request to Initiate Litigation | **Hearsay** |
| B.  Criminal Complaint - People v. Sean MacMaster, 52-3 District Court, File No. 19-2947-FY. | |
| C.  MSP Incident Report No. 021-0013106-18 (Busacca's Report and all supplements and all external attachments w/redactions re polygraph) | **Hearsay** |
| D.  Transcript of Swear-to Testimony in People v. Sean MacMaster, May 7, 2019 | |
| E.  "Swear-to Fact Summary" document | |
| F.  May 30, 2019 email from David Busacca to Brian Kolodziej | |
| G.  Search Warrant Affidavit, March 7, 2019 | |
| H.  May 3, 2019 email from Brian Kolodziej re: changes to report | |
| I.  March 11, 2019 Email from Brian Kolodziej to David Busacca. | |
| J.  March 12, 2019 email from Kolodziej to Busacca with attachment (IF Plaintiff Exhibit 15 is admitted) | |
| K.  May 2, 2019 Email from Kolodziej to Busacca | |
| L.  Powerpoint Presentation re: MacMaster prosecution | **Hearsay** |
| M. May 16, 2019 Affidavit of David Busacca | |

| Exhibit Description | Objection? |
|---|---|
| N. November 5, 2018 Email from David Busacca to Andrea Sutton | |
| O. April 17, 2018 Email chain between Michael Gerald to Brian Kolodziej  (to be used only if MIL re polygraphs is denied) | |
| P. Governor's Warrant | |
| Q. Search Warrant Photos | |
| R. Busacca Email to Buchan, Lamay dated 11/5/18 | |
| S. Weimer emails to Lamay dated 5/20/19 | **Hearsay** |
| T. 5/13/19 Kolodziej email to Price and Weimer | **Hearsay** |
| U. Email chain (p. 1-5) starting w/Busacca 6/18/19 email to Beardslee and Weimer re Investigative Follow up (redacted) | **Hearsay** |
| V. Busacca 10/12/18 emails with Andrea Sutton | |
| W. Drawings by AM during Ortega Interviews (20 pgs) | **Foundation, relevance.** |
| X. Ortega Notes of AM interviews (17 pgs) | **Hearsay, foundation, relevance.** |
| Y. Ortegas/Faller Extended Assessment (5 pgs) | **Hearsay, foundation, relevance.** |
| Z. May 30, 2019 Busacca email to Kolodziej re search warrant FL and attachments | |
| AA.      Care House Interview 1/15/16 recording | **Hearsay, MCL 600.2163a(23)** |

| Exhibit Description | Objection? |
|---|---|
| BB.    Care House Interview 4/18/16 recording | **Hearsay, MCL 600.2163a(23)** |
| CC.    FAC recorded Interview 8/15/18 recording | **Hearsay** |
| DD.    FAC recorded Interview 8/17/18 recording | **Hearsay** |
| EE.    FAC recorded Interview 8/22/18 recording | **Hearsay** |
| FF.    FAC recorded Interview 8/23/18 recording | **Hearsay** |
| GG.    Kolodziej email to Busacca 3/8/19 | **Hearsay** |
| HH.    Kolodziej email to Busacca and Gerald dated 11/15/18 | **Hearsay.** |
| II. 3/5/19 email from Kolodziej to Busacca, Hagaman-Clark, Det. Gerald and cc to Moody | **Hearsay.** |
| JJ. 5/2/19 email Kolodziej to Busacca | |
| KK.    Gerald written statement 11/1/18 | **Hearsay** |
| LL.    3/9/19 Incident Report SIS-0000168-19 by Walden (3 pgs) | **Hearsay** |
| MM.    MSP Lab Report 3/8/19 by Melinda Jackson, Forensic Scientist | **Foundation** |
| NN.    3/9/19 Supplement Report by Walden (2 pgs) | **Hearsay** |
| OO.    Melinda Jackson email dated 5/17/19 | **Hearsay** |

| Exhibit Description | Objection? |
|---|---|
| PP.        Busacca emails 3/21/19, 3/20/19, 3/19/19 with Morgan Rea | **Hearsay** |
| QQ.        Signed Search Warrant – Kostin | |
| RR.        MSP Lab Report by Morgan Rea (3 pgs) | **Foundation, hearsay** |
| SS.        MSP Lab Report by Jessica Drager | **Foundation, hearsay** |
| TT.        MSP Lab Report by Ashley Mottar | **Foundation, hearsay** |
| UU.        CSRT Request Information Sheet (M. Jackson) | **Hearsay** |
| VV.        Signed Felony Warrant | |
| WW.        Affidavit for Search Warrant packet – J. Walden | **Hearsay, Foundation** |
| XX.        Email from Brodeur to Busacca dated 5/8/19 | **Hearsay** |
| YY.        Search Warrant Photographs | |
| ZZ. May 6, 2019 email Kolodziej to Busacca with attachment | |

BRIAN KOLODZIEJ EXHIBITS:

Defendant Kolodziej incorporates by reference the above listed exhibits by Defendant Busacca and adds:

| | |
|---|---|
| AAA.        List of documents reviewed in preparation of probable cause. | **Plaintiff reserves objection until production.** |
| BBB.        Bond hearing transcript 7/17/19 with exhibits | **Hearsay, relevance** |

| | |
|---|---|
| CCC.     Bond hearing transcript 8/12/19 with exhibits | **Hearsay, relevance** |
| DDD.     Bond hearing transcript 8/14/19 with exhibits | **Hearsay, relevance** |
| EEE.  Bond hearing transcript 8/16/19 with exhibits | **Hearsay, relevance** |
| FFF. Larry Orr police report | **Hearsay, relevance** |
| GGG. Divorce Agreement | |
| HHH. Timeline of visitation | **Foundation.** |
| III. Legal services receipts | **Foundation, hearsay, relevance.** |
| JJJ. Family Assessment Center Notes | **Hearsay.** |
| KKK. Chess drawing | **Foundation, relevance** |
| LLL. 3 photographs of Chess set | |
| MMM.  Photograph of eagle | |
| NNN. Schematic of Orr residence | |
| OOO.  4 photographs of 6 semen stains | **Foundation for the claim that the photographs are semen stains, no objection to the admission of the photos.** |
| PPP.  MSP lab reports | **Hearsay.** |

| | |
|---|---|
| QQQ. Sean MacMaster email to Johanna's family | **FRE 404(b)** |
| RRR. Time sharing calendars | **Foundation.** |
| SSS. Kristen Sankey counseling record | **Hearsay, relevance** |
| TTT. Marcie Kansou counseling record | **Hearsay, relevance** |
| UUU. Care House follow-up report | **Hearsay** |
| VVV. A.M. MacMaster's journal | **Hearsay** |
| WWW. Sean MacMaster pre-employment psych exam | **Relevance, foundation, psychologist-patient privilege** |
| XXX. Sean MacMaster pre-employment polygraph | **Relevance, foundation.** |
| YYY. Medical letter and 2 photographs 1/16/11 | **Foundation, hearsay, relevance.** |
| ZZZ. Cryptosporidium medical record | **Foundation, relevance in the absence of expert testimony.** |
| AAAA. Bloody stool photographs | **Foundation, relevance in the absence of expert testimony.** |
| BBBB. Cold sore photographs | **Foundation, relevance in the absence of expert testimony.** |
| CCCC. 3 photos of A.M.'s injuries | **Foundation, relevance in** |

|  | the absence of expert testimony. |
|---|---|
| DDDD.  Kathy Barbour letter from Sean MacMaster 2/16/13 | **Relevance.** |
| EEEE. USB of audio and video clips | **Foundation, hearsay.** |
| FFFF.  Audio clip 1 – first disclosure | **Foundation, hearsay** |
| GGGG. Audio clip 2 – What happened with Sean | **Hearsay** |
| HHHH. Audio clip 3 – Saliva on the floor | **Hearsay** |
| IIII. Audio clip 4 – Feces from Sean's rectum to A.M.'s | **Hearsay** |
| JJJJ. Audio clip 5 – hitting | **Hearsay** |
| KKKK. Audio clip 6 – What Grandpa Orr did | **Hearsay** |
| LLLL. Audio clip 7 – AM suicidal thoughts | **Hearsay** |
| MMMM. Audio clip 8 – Stullberg – A.M. audio | **Hearsay** |
| NNNN. Family Assessment Center 1 – 8/7/18 | **Hearsay** |

| OOOO. Family Assessment Center 1 – 8/9/18 | **Hearsay** |
| PPPP. Family Assessment Center 1 – 8/14/18 | **Hearsay** |
| QQQQ. Family Assessment Center 1 – 8/17/18 | **Hearsay** |
| RRRR. Family Assessment Center 1 – 8/21/18 | **Hearsay** |
| SSSS. Family Assessment Center 1 – 8/22/18 | **Hearsay** |

Defendant Kolodziej reserves the right to amend this list of Exhibits.

## 13. Damages.

Plaintiff seeks a damage award that encompasses:
- Wrongful incarceration in solitary confinement for 151 days:      $15,100,000
- Pain and suffering during 9 days in transit during extradition:   $225,000
- Attorney fees wrongfully incurred in defending
  the underlying matters:                                            $435,000
- Reputational harm, including LEIN entry:                           $1,750,000
- Past and future lost earnings:                                     $982,208
- Loss of relationship with AM:                                      $20,000,000

Total Damage Award:                                                  $38,492,208
    *plus punitive damages against each Defendant*

Defendants dispute all claimed damages.

**14. Trial.**

This matter will be tried by a jury. The parties estimate a trial length of three weeks.

**15. Settlement.**

In April 2024, the parties mediated this matter with Patrick Seyferth. Defendant Busacca did not make an offer, preferring to litigate summary judgment. Defendant Kolodziej made no offer, asserting financial inability to pay a judgment.

The parties participated in a 15 hour settlement conference with the Hon. David R. Grand on April 15, 2025 which resulted in settlement with Johanna MacMaster. Since that time, the parties have engaged in telephonic communications regarding settlement, but have been unable to reach agreement. Defendant Busacca has provided Plaintiff with an Offer of Judgment for $800,000. Defendant Kolodziej has offered only $10,000. Plaintiff's last demand was $3,700,000 and he is awaiting a response from Defendant Busacca. Plaintiff is willing to settle this matter for a sum substantially less than what he will seek at trial.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 14, 2025

Approved as to form, content, and for entry:


Dated: July 2, 2025                    /s/ Joshua A. Blanchard
                                       Josh Blanchard
                                       Attorney for Plaintiff


Dated: July 2, 2025                    /s/ Audrey Forbush (with consent)
                                       Audrey Forbush
                                       Attorney for Defendant Busacca


Dated: July 2, 2025                    /s/ Peter Peacock (with consent)
                                       Peter Peacock
                                       Attorney for Defendant Kolodziej


26