## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

**SEAN MACMASTER**,
          Plaintiff,          Case No. 21-cv-11052
                         Hon. Stephen J. Murphy, III

vs.


**DAVID BUSACCA**, et al,
          Defendants.
_____/

## PLAINTIFF'S TRIAL BRIEF

### I. THE JURY SHOULD NOT BE INSTRUCTED ON THE DEFENSE OF QUALIFIED IMMUNITY.

Defendant Busacca intends to raise qualified immunity at trial. ECF No. 208, PageID.6308. Qualified immunity is a question of law to be determined by the judge. *Pouillon v. City of Owosso*, 206 F.3d 711, 718 (6th Cir. 2000). "Questions of fact may be relevant to this determination, but the ultimate question is one of law: if the finder of fact determines that the officers undertook certain actions, could any reasonable police officer have believed that those actions did not violate [the plaintiff's] constitutional rights?" *Id.*

In *Pouillon*, the Sixth Circuit held that the district court abused its discretion– therefore entitling the plaintiff to a new trial—because qualified immunity, among other "questions of law as well as of fact", were submitted to the jury. *Id*. at 718. In *Wesley v. Campbell*, 864 F.3d 433, 442 (6th Cir. 2017), the Sixth Circuit upheld the district court's decision in denying a motion for new trial based on the omission of a qualified immunity instruction, because it is a question of law.

Defendants intend to present an instruction for their defense of qualified immunity. The Court should not instruct on qualified immunity, but rather, should instruct on any relevant factual inquiries in order for the Court to decide the issue of qualified immunity.

## II.    DEFENDANTS ARE JOINT AND SEVERALLY LIABLE.

Defendant Busacca argues that joint and several liability does not apply and that apportionment is proper. ECF No. 208, PageID.6324-25. For this premise, Busacca quotes from *Smith v. Michigan*, 256 F.Supp. 2d 704, 712 (E.D. Mich. 2003) which states "there is no joint and several liability under 42 U.S.C. § 1983." However, "the cited discussion appears only to stand for the well-known proposition that § 1983 claims must describe each defendant's personal involvement in the asserted acts of

2

wrongdoing." *Jennings v. Fuller Jennings v Fuller*, Case No. 13-13308, 2016 U.S. Dist. LEXIS 142706 (E.D. Mich. Oct. 14, 2016) citing *Smith*, *supra*, at 711-12.

Joint and several liability applies to § 1983 cases. *Weeks v. Chaboudy*, 984 F.2d 185, 188-89 (6th Cir. 1993). The *Weeks* Court considered if damages may be apportioned in § 1983 cases, ultimately reversing the district court's apportionment, reasoning that while others were liable as well, it did not diminish the defendants' liability. *Id*. at 189. The Sixth Circuit recited the joint and several liability rule, which "allows an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury that the tortfeasor's negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the incident." *Id*. at 188-89; *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 (1979).

In *Jennings*, the court reasoned that "[b]ecause the defendants' conduct was a continuous stream of activity producing the physical injuries, the harm is indivisible." *Jennings, supra*, at *4. So while § 1983 liability must be premised on an individual's engagement in unconstitutional conduct, when a plaintiff has suffered an indivisible

injury, joint and several liability is important. *Hayes v. Jefferson Cnty.*, 668 F.2dd 869, 872 (6t; Cir. 1982); *Weeks, supra*, 984 F.2d at 188-89.

Because Busacca and Kolodziej are multiple tortfeasors that concurrently caused an indivisible injury to Plaintiff, their liability is joint and several.

### III.   ISSUES RELATING TO MR. KOLODZIEJ'S PROPOSED SELF-REPRESENTATION.

#### a. Newly proposed irrelevant and inflammatory character evidence.

As the Court is aware, following the deadline for filing a final pretrial order, the final pretrial conference, and motions in *limine*, counsel for Mr. Kolodziej filed what amounts to a motion to withdraw as counsel because his client would apparently prefer to represent himself. *See* Emergency Mot., ECF No. 200.

At 12:17am on July 16th, Mr. Kolodziej[1] personally emailed Plaintiff's counsel proposing amendments to his exhibit list. His proposed amendments more than double the list supplied by his counsel prior to the due date for the joint final pretrial order[2]. For the first time, less than

---

[1] Later in the day, Mr. Peacock directed Plaintiff's counsel to include Mr. Kolodziej on all emails.
[2] Following the final pretrial, all counsel had been in discussions to submit an amended joint final pretrial order to account for some clerical errors, minor

a week before trial and after the motion in *limine* deadline, Kolodziej lists inflammatory, irrelevant, and inadmissible evidence.

For example, his proposed exhibit 248 is described as "11-17-10 Chlamydia Record". Kolodziej has not yet produced a copy of this document to Plaintiff's counsel. It is unclear if this is the same issue, but at Mr. MacMaster's deposition, he was asked about claims by Ms. MacMaster that he had allegedly given her an unspecified STI. S. MacMaster Dep. Tr. Vol. II, 39:13-42:14. Mr. MacMaster denied the claims. However, the defense questions also focused on common cold sores as being "sexually transmitted diseases", so the exact purpose of the questioning is unclear, as are Mr. Kolodziej's intentions. Nonetheless, counsel is aware of no reasonable basis to attempt to introduce a test result for a sexually transmitted infection occurring nearly six years prior to the allegations that touched off the instant case.

In any case, the relevance of a possible STI suffered by a non-party before A.M. was even born is beyond tenuous. However, Mr. Kolodziej's

---

oversights, and to reflect the agreements which counsel have reached to streamline the admission of evidence and trial presentation.

5

"evidence" was not disclosed until after the Joint Final Pretrial Order was entered and until after the motion in *limine* deadline had passed.

Similarly, Mr. Kolodziej also listed as proposed exhibit 258 certain unspecified "Craigslist Posts". These exhibits have also not been produced by Mr. Kolodziej. But based on questioning at the Mr. MacMaster's deposition, it seems that Mr. Kolodziej intends to question Mr. MacMaster about a personal ad he is alleged to have posted years ago and/or his sexual activity with other consenting adults. These allegations have been a consistent theme in his litigation with his ex-wife over the years and it seems that Mr. Kolodziej is now picking up that mantle.

Mr. Kolodziej has noticed no expert testimony and has advanced no argument on why Mr. MacMaster's alleged consensual sexual activity with consenting adult partners is somehow probative of whether there is probable cause to believe he would rape his daughter. This is the exact kind of propensity evidence that Rule 404(b) serves to exclude.

While Mr. MacMaster doesn't qualify as a "victim" under the definitions of Rule 412, the same concerns apply here. Rule 412 serves to exclude evidence of a person's prior sexual history because it is not

relevant. As noted by the sponsors of the Act, "such evidence quite often serves no real purpose and only results in embarrassment to the rape victim an unwarranted public intrusion into her private life." 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann) (quoted in 28 U.S.C. Fed. R. Evid. 412 Historical Note); *see also* Jacqueline H. Sloan, Comment, *Extending Rape Shield Protection to Sexual Harassment Actions: New Federal Rule of Evidence 412 Undermines Meritor Savings Bank v. Vinson*, 25 SW. L. R. 363 (1996).

Irrelevant evidence is not admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

All evidence is subject not only to a determination of relevancy, but also to the balancing of probative value against likely prejudice under Rule 403. *United States v. Geiger*, 303 Fed. Appx. 327, 329 (6th Cir. 2008). Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice…." Fed. R. Evid. 403.

Counsel flags these issues for the Court because they will likely need attention outside of the presence of the jury, should Mr. Kolodziej proceed *pro se.*

### b. General hearsay concerns.

Mr. Kolodziej listed a plethora of reports and documents drafted by non-parties which do not meet an exception to the hearsay rule. He has identified hundreds of pages of transcripts from hearings in the MacMaster criminal case following the arrest. He has apparently identified reports from counselors who provided marital counseling to Sean and Johanna MacMaster prior to their divorce. He has not identified a witness who could authenticate such exhibits, and no hearsay exception is apparent, if he could even clear the authentication hurdle. Counsel expects these issues can efficiently be handled during the course of trial but flags the issue should Mr. Kolodziej seek to references the contents of the inadmissible exhibits during his opening or questioning of other witnesses.

### c. Logistical concerns regarding *pro se* representation.

The question of whether to let Mr. Kolodziej discharge his counsel on the eve of trial is "committed to the court's discretion". *Brandon v.*

*Blech*, 560 F.3d 536, 537 (6th Cir. 2009). The Court "may forbid withdrawal if it would work severe prejudice on the client or third parties". *Id* at 538. Counsel believes that an experienced lawyer like Mr. Peacock can try the case more efficiently that a disbarred lawyer whose facing significant personal consequences should the case resolve against him. This is an emotionally charged case on all sides and permitting Mr. Kolodziej to conduct the examination of the witnesses, including at least women he was romantically involved with and numerous people whose lives he severely negatively impacted, seems fraught.

"Although the pleadings of *pro se* litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure." *Powers v. Runyon*, 974 F. Supp. 693, 696 (S.D. Ind. 1997). *See also Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985) ("the right of self-representation is not 'a license not to comply with relevant rules of procedure and substantive law.'" quoting *Faretta v. California*, 422 U.S. 806, 835 n.46, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975)).

Here, Mr. Kolodziej has experienced counsel. For reasons that are not clear, he has decided it would be preferable to represent himself at

the last moment. As outlined above, since this announcement, he has also signaled that he wishes to introduce evidence which seems to be an improper attack on Mr. MacMaster's character rather than Mr. MacMaster's claims. Given that he has strategically announced his desire to engage in self-representation the day following the final pretrial conference *and* his intention to present previously undisclosed character evidence after the applicable deadlines for motions in *limine*, Plaintiff has concerns about Mr. Kolodziej's intentions and ability to comply with the Rules of Evidence and the Court's scheduling orders.

"Trial management includes 'such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions.'" *United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) citing Fed. R. Evid. 611 advisory committee's note.

In *United States v. Beckton,* the trial court required the *pro se* defendant to testify in question-and-answer form, explaining that "the court simply required [the defendant], like all other witnesses, to testify in this manner to assure opposing counsel the opportunity to lodge any objection prior to [the defendant's] answer." *Id.* at 306. The Fourth Circuit found the approach "eminently reasonable, particularly given

[the defendant's] repeated attempts during the trial to present inadmissible evidence to the jury". *Id.*; *see also United States v. Boukamp*, 105 F.4th 717, 727 (5th Cir. 2024) (discussing a proposed procedure by the district court requiring a question-and-answer format but the defendant chose not to testify).

Much like the question of withdrawal, how to regulate the presentation of evidence is entrusted to the Court's discretion. Plaintiff suggests, however, that the trial process would benefit from clear guidelines on how the *pro se* litigant's examination and argument will proceed without unfairly blurring the lines between advocate and witness while also providing counsel adequate opportunity to object to inadmissible evidence Mr. Kolodziej may seek to admit.

Respectfully submitted,

Dated: July 17, 2025        /s/ Melissa Freeman
                            Melissa Freeman
                            BLANCHARD LAW
                            Attorneys for Plaintiff
                            309 S Lafayette, Ste 208
                            Greenville, MI 48838
                            (616) 773-2945
                            melissa@blanchard.law