UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MACMASTER,

               Plaintiff,

v.

DAVID BUSACCA and BRIAN
KOLODZIEJ,

               Defendants.

_____/

Case No. 2:21-cv-11052

HONORABLE STEPHEN J. MURPHY, III

**<u>JURY INSTRUCTIONS</u>**

## 1. Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claims made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2.  Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### 3.  Juror Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, including cell phones or computers of any sort to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

### 4.  Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply

separately and individually to the Plaintiff and to the Defendants in the case.

### 5.  All Persons Equal Before the Law

You should consider and decide this case as a dispute between persons who are equal before the law.

### 6.  Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.

Do not speculate about what a witness might have said or what an exhibit might have shown. Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 7.  Questions Not Evidence

The lawyers' questions are not evidence. Only the witnesses' answers are evidence. The attorneys' questions are significant only if they helped you to understand the witnesses' answers. Do not assume that something is true just because one of the attorneys asked a question that suggested it was true.

### 8.  Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### 9.  Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 10. Credibility of Witnesses

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

### 11. Number of Witnesses and Evidence Presented

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

### 12. All Available Evidence Need Not Be Produced

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### 13. Single Witness

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

### 14. Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

### 15. Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### 16. Ordinary Experience and Observations

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

### 17.Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in this case.

### 18. Introduction: Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claims against the defendants.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claim alleged in this case.

### 19. Preponderance of the Evidence

The burden is on the plaintiff to prove every essential element of a claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

### 20. Burden of Proof

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## 21. 42 U.S.C. § 1983

Plaintiff in this case is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

To establish a claim under Section 1983, Plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

(1)   That the acts complained of were committed by Trooper David Busacca and Brian Kolodziej acting under color of state law;

(2)   That in committing these acts, Trooper David Busacca and Brian Kolodziej intentionally or recklessly deprived Plaintiff of his Fourth Amendment rights to be free from search, arrest, or prosecution without probable cause as described in these instructions; and

(3)   That Mr. Kolodziej and Trooper David Busacca's acts were the proximate cause of injuries sustained by Sean MacMaster.

The parties have stipulated the Defendants were acting under color of law. In other words, this element of Plaintiff's claim is not in dispute, and you must find that this element has been established.

The third element, whether Trooper Busacca and Mr. Kolodziej's actions were the proximate cause of the injuries sustained by Plaintiff, is also in dispute.

Under Section 1983 the defendant is responsible for the natural consequences of his actions. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or causing the injury or damage. The injury or

damage must either be a direct result or a reasonably probable consequence of the act or omission.

Plaintiff has brought four separate claims for damages stemming from his prosecution. The first is for obtaining a search warrant without probable cause. The second is for obtaining an arrest warrant without probable cause. The third is that Trooper Busacca and Mr. Kolodziej made, influenced, or participated in the decision to initiate a prosecution against Plaintiff without probable cause. The fourth is that Trooper Busacca and Mr. Kolodziej participated in a conspiracy to deprive Plaintiff of his constitutional rights. You will be required to make factual determinations for each claim.

### 22. Probable Cause

An officer possesses probable cause when, at the moment the officer seeks the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent person in believing that the Plaintiff had committed or was committing the offense.

The probable cause determination is based upon the totality of circumstances and must take account of both inculpatory and exculpatory evidence. But you are to assess the existence of probable cause from the perspective of a reasonable officer conducting the investigation, rather than with the 20/20 vision of hindsight.

While the law does not mandate that officers conduct quasi-trials as a necessary predicate to an arrest, an officer cannot simply turn a blind eye toward evidence favorable to the accused or ignore information that becomes available in the course of the investigation.

Probable cause may be created by witness allegations. Although an eyewitness's allegations need not be perfectly consistent in order to establish probable cause, those allegations must be reasonably trustworthy. With respect to such allegations, probable cause will not exist where there is an apparent reason for the officer to believe that the witness was lying, did not accurately describe what she had seen, or was in some fashion mistaken regarding her recollection.

In determining whether there was an apparent reason for Trooper Busacca or Mr. Kolodziej to question A.M.'s reliability, you may consider information either knew about the following factors and any other information known to them that you believe affected A.M.'s reliability:

(1)     Her age;

(2)     The plausibility of her allegations;

(3)     The consistencies, or lack thereof, in her allegations;

(4)     The results of any medical examinations; and

(5)     Whether there was any evidence corroborating or contradicting her allegations.

In deciding the probable cause question, remember that the standard is probable cause. The officer does not need to possess information or evidence that conclusively established that the Plaintiff did, in fact, commit the crime.

### 23. Search Warrant

In this case Plaintiff alleges that Trooper Busacca and/or Kolodziej did not have probable cause to secure a search warrant in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches.

If you find that probable cause existed, you will find in favor of Trooper Busacca and Mr. Kolodziej.

If not, you will determine whether Plaintiff met his burden of proving each of these elements:

(1)    That the application for the search warrant contained a materially false statement of fact or omitted a material fact;

(2)    That the allegedly false or omitted information was material to the finding of probable cause, meaning that the judge would not have issued the warrant without the allegedly false material; and

(3)    That the false statement or omission was made knowingly, intentionally, or with reckless disregard for the truth. A statement is reckless if the officer had obvious reasons to doubt its truth. Mere negligence or innocent mistake is insufficient.

In deciding whether Defendants omitted material facts you should consider that omissions are made with reckless disregard for the truth when an officer omits facts that are so obvious that any reasonable person would know that a judge would want to know those facts.

In deciding whether Defendants made false statements, assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he is asserting.

"Probable cause" to search means a fair probability that contraband or evidence of a crime will be found in a particular place, given the circumstances set forth in the affidavit attached to the search warrant. Whether probable cause has been established involves a practical common-sense evaluation of the totality of the circumstances.

### 24. Arrest Warrant

Plaintiff also alleges that he was subjected to an arrest that was not supported by probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure. Specifically, Plaintiff alleges that Trooper Busacca did not have probable cause to secure an arrest warrant.

If you find that probable cause existed, you will find in favor of Trooper Busacca.

If not, you will determine whether Plaintiff has met his burden of proving each of these elements:

(1)     That Defendant Busacca provided sworn testimony supporting the arrest warrant;

(2)     That the affidavit contained at least one materially false statement of fact or omitted a material fact. A fact is material if, after removing any false statement or adding the omitted facts, the corrected affidavit would not establish probable cause to arrest; and

(3)     That the false statement or omission was made knowingly, intentionally, or with reckless disregard for the truth. A statement is reckless if the officer had obvious reasons to doubt its truth. Mere negligence or innocent mistake is insufficient.

## 25. Malicious Prosecution

In this case Plaintiff further alleges that he was prosecuted without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure.

To prevail on this claim, Plaintiff has the burden of proving each of these elements by a preponderance of the evidence:

(1) Trooper Busacca and Mr. Kolodziej made, influenced, or participated in the decision to initiate a prosecution against Plaintiff;

(2) there was not probable cause for the prosecution;

(3) the legal proceeding caused a deprivation of liberty beyond the initial seizure; and

(4) the criminal proceeding against him was resolved in Plaintiff's favor.

An investigating police officer's participation must be marked by some kind of blameworthiness, something beyond mere negligence or innocent mistake. An investigating officer has made, influenced, or participated in the decision to initiate a prosecution when his deliberate or reckless material falsehoods or omissions result in arrest and prosecution without probable cause.

In this case the parties have stipulated that the third and fourth elements are satisfied.

### 26. Civil Conspiracy

Plaintiff also alleges Trooper Busacca and Mr. Kolodziej participated in a conspiracy to deprive him of his constitutional rights. A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Circumstantial evidence may be used to prove a conspiracy.

To prevail on this claim, Plaintiff has the burden of proving each of these elements:

(1) that there was a single plan;

(2) that the alleged coconspirators shared in the general conspiratorial objective;

(3) that an overt act was committed in furtherance of the conspiracy.

### 27. Proximate Cause

Now that I have explained the first element of Plaintiff's Section 1983 claim, I will address the final element: that Defendant's acts were the legal or proximate cause of Plaintiff's injuries.

### 28. Proximate Cause and Proximately Contributed

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

### 29. Consider Damages Only If Necessary

If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

### 30. Damages - Reasonable - Not Speculative

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

### 31. Damages Where No Allocation

If you find one of the defendants to be liable, you shall determine the amount of damages he caused and return a verdict in that amount. If you find both of the defendants to be liable, you shall return a joint verdict for the amount of combined damages you determine each defendant caused.

## 32. Reduction of Damages to Present Value

If you decide that the plaintiff will sustain damages in the future, you must reduce the amount to its present cash value. The amount of damages you determine the plaintiff will sustain the first year is to be divided by 1.05. The amount of damages you determine will be sustained in the second year is to be divided by 1.10. The amount of damages you determine will be sustained the third year is to be divided by 1.15. You then continue to use the similar procedure for each additional year you determine damages will be sustained. The total of your yearly computation is the present cash value of the plaintiff's future damages.

Bear in mind that your duty to discount to present value applies to loss of future earnings or future medical expenses. If you should find that the plaintiff is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

### 33. Damages: Compensatory

Simply because these Instructions contain a section on Damages should not be construed by you as any indication that the Court believes you should find for Plaintiff. Rather, the Court must instruct you on the law of damages in the event that you decide that Plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. The Court is not expressing any views, one way or the other, as to whether Plaintiff should recover in this case.

The Court also instructs you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justly and fairly compensate Plaintiff for any injuries or damages you believe he has sustained. You will make that determination based on the evidence in this case and the law the Court has given you, and not on the basis of any attorney's statement, claim, or argument.

<u>*Actual or Compensatory Damages*</u>

If you have found in favor of Plaintiff on either claim, your first task is to determine the amount of actual, or what the law calls "compensatory," damages allegedly sustained by Plaintiff. You should award Plaintiff an amount that justly and fairly compensates him for any injuries and damages you believe he has actually sustained as a direct consequence of the conduct of Defendants. Your award of damages, however, must be based upon the evidence presented by Plaintiff, not on

speculation or on sympathy you might feel towards him. It is Plaintiff's burden to prove the amount of damages.

No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

*Punitive Damages*

You may also, but are not required to, award Plaintiff punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that each Defendant's conduct was malicious, or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety or rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any are awarded, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of

reprehensibility of each Defendant's conduct and the relationship of any award of punitive damages to the actual harm inflicted on Plaintiff.

### 34. Mitigation of Damages

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of plaintiff's damages by the amount the plaintiff could have reasonably realized or will reasonably realize if the plaintiff takes advantage of such opportunities.

Additionally, should you find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of opportunities to engage in a relationship with his daughter that were reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of plaintiff's damages by an amount that reflects the plaintiff's failure to seek out or take advantage of those opportunities.

## 35. Introduction: Testimony and Evidence

That concludes the part of my instructions explaining the elements of the claim(s) made by Plaintiff and the defense raised by Defendant and how to calculate damages if you find that damages should be awarded. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## 36. Stipulations of Fact

The parties have agreed to certain facts. You should therefore treat these

facts as having been proved:

- Busacca was the investigating officer. He swore to both the search and arrest

  warrants at issue in this case.

- That Mr. MacMaster's detention continued for 151 days following his arrest.

- That Plaintiff's Exhibit 2 is a true and accurate copy of the order of dismissal

  in the matter of *People v. Sean MacMaster*, 52-3 District Court, File No. 19-

  2947-FY

- At all relevant times, each defendant acted under color of law.

### 37. Illustrative Aids Not Admitted in Evidence

You have seen some illustrative aids that were not received in evidence that may help explain the evidence. Their only purpose is to help explain the evidence. The aids are not themselves evidence or proof of any facts.

### 38. Witness Who Has Been Interviewed by an Attorney

Some attorneys may have talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

### 39. Expert Witnesses

An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

### 40. Compensation of Expert Witnesses

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

It is not improper for a witness who gave an opinion to be compensated for services. It is a customary and accepted procedure.

### 41. Impeachment - Inconsistent Statement

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## 42. Impeachment – Prior Inconsistent Statement

You have heard the testimony of various witnesses. You have also heard that, before this trial, some witnesses made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable the witness's testimony was. You cannot use them as proof of anything else.

You can only use them as one way of evaluating the witness's testimony here in court.

### 43. Introduction: Deliberations

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence. If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

## 44. Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court. The instructions I have given you throughout trial also apply to your deliberations. Do not try to gather any information about the case on your own. Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as "Twitter," TikTok, or Facebook to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that I am giving you now and that I gave you throughout the trial. Make your decision based only on the evidence that you saw and heard here in court.

## 45. Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations. For example, some of you may need to think quietly while others may want to openly discuss their thoughts. It may take more time for some of you, than for others, to reach a decision. Be patient and considerate of each other's needs as you deliberate. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

## 46. Notes

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

### 47. Verdict Form

I have prepared a verdict form for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.

Your foreperson should sign and date the verdict form after you have completed your deliberations.

After verdict form is completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdict.

### 48. Court Has No Opinion

Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.