UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MACMASTER,

    Plaintiff,

v.

DAVID BUSACCA and BRIAN KOLODZIEJ,

    Defendants.

_____/

Case No. 2:21-cv-11052

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING RULE 50(a)**
**MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

After the close of Plaintiff Sean MacMaster's case in chief, Defendants David Busacca and Brian Kolodziej moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Then, after the close of Defendants' case in chief, MacMaster filed his own Rule 50(a) motion for judgment regarding his claim on the non-existence of probable cause, which he supported with a written brief. ECF No. 231. Because the Court did not grant any of the motions, the action was submitted "to the jury subject to the [C]ourt's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). Now, in accordance with the Court's prior orders and the evidence at trial, the Court will deny the motions.

**BACKGROUND**

The Court assumes that the reader is familiar with the basic facts of this 42 U.S.C. § 1983 case. After a three-week trial, the jury returned a verdict for MacMaster on his search warrant claims, his arrest warrant claim, and his malicious

1

prosecution claims. *See* ECF No. 233, PageID.6976–6978, 6980–6983. But the jury found Defendants not liable on the conspiracy claims. *Id.* at PageID.6979, 6984. Ultimately, the jury awarded MacMaster $33,443,115 in compensatory damages, $10,000,000 in punitive damages against Busacca, and $15,000,000 in punitive damages against Kolodziej. *Id.* at PageID.6985. The Court reserved ruling on the Rule 50(a) motions.

## LEGAL STANDARD

"Judgment as a matter of law is appropriate '[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Burley v. Gagacki*, 729 F.3d 610, 621 (6th Cir. 2013) (quoting Fed. R. Civ. P. 50(a)). A court should only grant judgment as a matter of law if "there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ." *Id.* (citation omitted). Courts thus review the evidence "in the light most favorable to the non-moving party" and determine whether there was a "genuine issue of material fact for the jury." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001) (citation omitted). When a court does not decide a Rule 50(a) motion prior to submission of the case to a jury, it may properly decide the motion post-trial. *See Ansari v. Jimenez*, No. 2:20-cv-10719, 2024 WL 3006874, at *1 (E.D. Mich. Apr. 2, 2024) (Murphy, J.).

2

## DISCUSSION

I.   David Busacca's Rule 50(a) Motion

After Plaintiff's case-in-chief, Busacca orally moved for judgment as a matter of law under Rule 50(a). In doing so, he relied on his trial brief, ECF No. 208, and made several arguments on the record. The Court will consider each argument in turn.

*First*, Busacca argued that qualified immunity applies.[1] But as the Court already explained in its Order denying summary judgment, that is not so. *See* ECF

---

[1] MacMaster argued that Busacca did not "properly assert" the defense of qualified immunity in compliance with Federal Rule of Civil Procedure 8(c). ECF No. 198, PageID.6108. MacMaster is correct that Busacca failed to assert qualified immunity in his answer to either the initial complaint or the amended complaint. *See* ECF 32; ECF 55. And Busacca included no affirmative defenses in either answer, *see id.*, even though Rule 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," and qualified immunity is an affirmative defense. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002). Busacca did eventually file a document asserting qualified immunity after the deadline to answer the amended complaint. *See* ECF No. 60, PageID.1271; *see* Fed. R. Civ. P. 15(a)(3) (imposing fourteen-day deadline to respond to an amended pleading); ECF No. 53 (amended complaint filed January 14, 2022); ECF No. 55 (Busacca's answer filed January 28, 2022); ECF No. 60 (document with affirmative defenses filed February 1, 2022). Given the close proximity between the filings of the amended answer and the affirmative defenses document, the latter likely qualifies as an implied amendment to the pleadings allowed under Federal Rule of Civil Procedure 15(a)(1)(A). So, consistent with Sixth Circuit caselaw holding that "failure to raise an affirmative defense by responsive pleading does not always result in waiver," *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993), *as amended on denial of reh'g* (Aug. 31, 1993), the Court finds that Busacca's qualified immunity defense was likely not waived simply because of his delay in asserting the defense. That said, at summary judgment, the Court found that Busacca "conceded that Plaintiff can overcome the qualified immunity defense for any of the constitutional claims with evidence that 'Busacca knew the statements contained in the warrant request were intentionally false or that Busacca acted with reckless disregard for the truth[,] and that the statements lacked probable cause.'" ECF No. 125, PageID.4955 (quoting ECF No. 108, PageID.2539). In other words, Busacca conceded the clearly

3

No. 125. "[I]t is clearly established that individuals have the right to be free from arrest pursuant to a warrant that, but for deliberate or reckless omission of material facts, never would have been issued." *Wesley v. Campbell*, 864 F.3d 433, 439 (6th Cir. 2017). Because the law is clearly established, a reasonable officer would have known that deliberate or reckless omission of material facts in a warrant violates the Constitution. *See id.* What's more, "probable cause does *not* exist where there is an apparent reason for the officer to believe that the eyewitness was lying." *Id.* at 440 (citation omitted).

Here, even apart from the contradictory and occasionally fantastical nature of the abuse allegations, A.M. admitted to lying about the abuse. *See* ECF No. 113-8, PageID.4759 ("No, that's a lie. Daddy never hurt me. Daddy never hurt me."); Plaintiff Ex. Z. A.M.'s mother used the abuse allegations as leverage to get MacMaster to sign away his parental rights. *See* ECF No. 112-5, PageID.4501 (telling MacMaster that giving up his parental rights was a "gift" and was "his get-out-of-jail-free card."); Plaintiff Ex. I. And many other facts presented at trial (and discussed in the Court's Order denying summary judgment) led the jury to reasonably conclude that a constitutional violation occurred. Qualified immunity does not apply.

*Second*, Busacca argued that MacMaster did not present sufficient evidence to support his malicious prosecution/continued detention without probable cause claim. ECF No. 208, PageID.6321. To be liable for malicious prosecution, a police officer

---

established part of the qualified immunity analysis. Even so, as discussed in-text, the law regarding deliberate or reckless omissions of material facts in warrants *is* clearly established, so the concession matters little for analysis of the instant motion.

4

needs to have "made, influenced, or participated in" the prosecution decision. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). Participation is "construed within the context of tort causation principles." *Id.* at 660.

Here, but for Busacca's deliberate or reckless omissions/distortions of material facts, MacMaster would not have been prosecuted and detained for months without probable cause. Busacca already admitted that he "assisted in initiating criminal prosecution against Plaintiff." ECF No. 108, PageID.2550. The Court will not grant judgment as a matter of law on the malicious prosecution claim.

*Third*, Busacca argued that MacMaster should not get punitive damages. "Punitive damages are appropriate in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Wesley*, 864 F.3d at 442–43 (quoting *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015)). As noted above, however, MacMaster presented sufficient evidence to support a finding that Busacca misrepresented or omitted material facts from his affidavit and arrest warrant application intentionally, deliberately, or with reckless disregard for the truth. So, it is difficult to say that no reasonable juror would have found a basis for awarding punitive damages. *See id.* (upholding denial of directed verdict on the availability of punitive damages). After all, Busacca had evidence that the abuse allegations were bogus, but he pressed forward nevertheless. He hid material evidence from judges, swallowed his own doubts about the case, and let others change his police report to

5

cover up the origins of the case. All told, the facts justify an award of punitive damages.

II.     Brian Kolodziej's Rule 50(a) Motion

Kolodziej also orally moved for judgment as a matter of law under Rule 50(a) after Plaintiff's case-in-chief. In doing so, he incorporated by reference the arguments in his trial brief as well as the arguments made by Busacca. The Court has already addressed most of the issues—qualified immunity, probable cause, and punitive damages. But Kolodziej did orally reference one issue not previously referenced— absolute prosecutorial immunity. He did not, however, explain why it applied. Kolodziej's trial brief devoted a whole section to qualified immunity, ECF No. 213, PageID.6371–6377, but it did not explain why absolute immunity applied. *See id.* at PageID.6366. So, the Court sees little reason to depart from its prior determination that absolute immunity does not cover actions taken by Kolodziej outside his prosecutorial role. *See generally* ECF No. 51; ECF No. 118. After all, "absolute immunity does not protect 'the investigative functions normally performed by a detective or police officer.'" *Rieves v. Town of Smyrna*, 959 F.3d 678, 691 (6th Cir. 2020) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). And "[a] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." *Buckley*, 509 U.S. at 274. Accordingly, the Court will deny the motion.

III.    <u>Sean MacMaster's Rule 50(a) Motion</u>

Finally, Sean MacMaster moved for judgment as a matter of law on the issue of probable cause. ECF No. 231, PageID.6917–6918. But the jury returned a verdict in MacMaster's favor on the non-existence of probable cause. And so, the Court will deny the motion as moot.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants David Busacca and Brian Kolodziej's oral motions for a directed verdict are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Sean MacMaster's oral motion and written motion [231] for a directed verdict are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties must **MEET AND CONFER** to try to agree to a judgment that reflects the jury verdict. The parties must **SUBMIT** a stipulated judgment via the Court's utilities function **no later than August 27, 2025**. If the parties cannot agree, they should **FILE** a joint document setting forth any different proposed language and any disagreements **no later than August 27, 2025**.

SO ORDERED.

                                                <u>s/ Stephen J. Murphy, III</u>
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: August 21, 2025